IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| NATHANIEL HIERS, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 4:20-cv-00321-SDJ |
| THE BOARD OF REGENTS OF THE | § | |
| UNIVERSITY OF NORTH TEXAS | § | |
| SYSTEM, *et al.,* | § | |
| | § | |
| *Defendants.* | § | |

---

## DEFENDANTS' ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT

---

Defendants Laura Wright, Milton Lee, Melisa Denis, Mary Denny, Daniel Feehan, A.K. Mago, Carlos Munguia, Brint Ryan, John Scott Jr., Lesa Roe, Neal Smatresk, Jennifer Evans-Cowley, Su Gao, Ralf Schmidt, and William Cherry ("Defendants") respectfully file this Answer to Plaintiff's Verified Complaint (ECF 1).

Pursuant to the Federal Rules of Civil Procedure, Defendants deny each and every allegation contained in the Complaint except for those expressly admitted herein. The headings and paragraphs below directly correlate to the sections and numbered paragraphs of Plaintiff's Complaint. Those titles are reproduced in this Answer for organizational purposes only, and Defendants do not admit any matter contained therein.

Defendants' response to the specifically numbered allegations of the Complaint

are as follows:

## Introduction

1.      Defendants admit that universities are the marketplaces of ideas and that the ability of faculty to engage in free and vigorous debate that questions established ideas, theories and positions is the cornerstone of higher education. Defendants deny that the university marketplace extends to individual faculty members' anonymous non-substantive jokes. Defendants deny all other allegations in this paragraph.

2.      Defendants are without sufficient knowledge to admit or deny Plaintiff's reasons for seeking a doctorate degree. Defendants admit Plaintiff obtained his doctorate degree from the University of North Texas System in May 2019. Defendants Schmidt, Cherry and Gao admit Plaintiff began teaching four classes as an adjunct instructor at UNT in fall 2019. The remaining defendants are without sufficient information regarding Plaintiff to admit or deny his employment status at any time, including in the fall of 2019. Defendants deny all other allegations in this paragraph.

3.      Defendants deny this averment in its entirety.

4.      Defendants admit that in November 2019, fliers addressing "microaggressions" were left in the Department of Mathematics lounge by an unknown individual. Defendants deny all other allegations in this paragraph.

5.      Defendants Smatresk, Cowley, Gao, Schmidt and Cherry admit that various discussions likely occur in faculty lounges; the remaining Defendants are without sufficient knowledge to admit or deny what occurs in the Department of

Mathematics faculty lounge. All Defendants are without sufficient knowledge to admit or deny the remainder of this averment. Defendants deny all other allegations in this paragraph.

6. Defendant Schmidt expressly denies this averment. The remaining Defendants are without sufficient knowledge to admit or deny this averment.

7. Defendant Schmidt admits that he did not extend Plaintiff an offer of employment for the spring 2020 semester. Defendant Schmidt denies all other allegations in this paragraph. The remaining Defendants are without sufficient knowledge to admit or deny this averment.

8. Defendant Schmidt denies Plaintiff's comment regarding the flyer was a "critique" and that all of the reasons given for not extending Plaintiff an offer of employment for the spring 2021 semester were related to Plaintiff's comment about the flyer. Defendant Schmidt denies his decision not to extend an offer of employment for the spring 2021 semester was because Plaintiff refused to recant any beliefs. Defendant Schmidt admits his decision was influenced by Plaintiff's refusal to participate in additional equity, diversity and inclusion training and that his "actions and response [were] not compatible with the values of [the Department of Mathematics]." Defendant Schmidt denies all other allegations in this paragraph. The remaining Defendants are without sufficient knowledge to admit or deny the averments in this paragraph.

9. Defendants deny all averments in this paragraph.

10. Defendants deny all averments in this paragraph.

## Jurisdiction & Venue

11. Defendants admit, except they deny any implication that their conduct violated federal law.

12. Defendants admit that federal courts have jurisdiction over claims arising under federal law. The allegation concerning supplemental jurisdiction over state law claims relates to causes of action that were dismissed, and thus these allegations are denied. Defendants deny all other allegations in this paragraph.

13. Defendants deny that this Court can award damages and other relief against them in this context as their alleged conduct did not violate the law.

14. Defendants deny that each Defendant resides in this district and further deny that all Defendants engaged in any action or decision that gives rise to a claim in this or any district pursuant to 28 U.S.C. §1391(b).

## Plaintiff

15. Defendants have insufficient information to admit or deny Plaintiff's residency status. Defendants Smatresk, Cowley, Gao, Schmidt and Cherry admit Plaintiff is a former adjunct instructor in the UNT Department of Mathematics. The remaining Defendants deny all other allegations in this paragraph.

## Defendants

16. Defendant Wright admits she began serving as a member of the University of North Texas System ("UNT System") Board of Regents on November 9, 2015; Defendant Lee admits he began serving as a member of the UNT System Board of Regents on May 1, 2013; Defendant Denis admits she began serving as a member

of the UNT System Board of Regents on December 20, 2019; Defendant Denny admits she began serving as a member of the UNT System Board of Regents on June 4, 2018; Defendant Feehan admits he began serving as a member of the UNT System Board of Regents on November 27, 2019; Defendant Mago admits he began serving as a member of the UNT System Board of Regents on November 9, 2015; Defendant Munguia admits he began serving as a member of the UNT System Board of Regents on June 4, 2018; Defendant Ryan admits he began serving as a member of the UNT System Board of Regents on August 1, 2009; and Defendant Scott admits he began serving as a member of the UNT System Board of Regents on November 27, 2019. Defendants deny the UNT System is a public university, but admit the UNT System is organized and exists under the laws of the State of Texas. Defendants deny all remaining allegations in this paragraph.

17. Defendants admit the UNT System is comprised of the University of North Texas, University of North Texas Health Science System at Ft. Worth, University of North Texas at Dallas, and the University of North Texas System Administration ("component organizations"). Defendants deny all remaining allegations in this paragraph.

18. Defendants admit.

19. Defendants admit, although Defendants note that the general authority and responsibility for the administration of the University of North Texas has been delegated to the Presidents of the University of North Texas. Exhibit 1, Regents Rule 04.302.

20.     Defendants admit it has the powers set out in the statue referenced in this averment, although Defendants note that the authority to employ and discharge personnel, including faculty, has been delegated to the Presidents of the University of North Texas. Exhibit 1, Regents Rule 04.302.18. Defendants deny all remaining allegations in this paragraph.

21.     Defendants admit.

22.     Defendants admit the Board of Regents is responsible for enacting, amending and repealing Rules of the Board of Regents, but deny any single member of the Board may exercise this responsibility.

23.     Defendants admit Lesa Roe served as Chancellor of the University of North Texas System from December October 9, 2017  to December 31, 2021, and that the University of North Texas is a component of the UNT System.

24.     Defendants admit the UNT System Board of Regents has delegated direct responsibility for all aspects of the UNT System to the Chancellor of the UNT System. Defendants note that Defendant Roe served as Chancellor during the times set out in paragraph 23 above.

25.     Defendants admit the UNT System Chancellor's responsibilities include directing the management of the System with sound personnel policies as set out in UNT System Regents Rule 04.100. Exhibit 2. Defendants deny the UNT System Chancellor has "general oversight" over all employees in the UNT System.

26.     Defendants admit.

27.     Defendants admit.

28.     Defendants admit.

29.     Defendants admit.

30.     Defendants admit the President of the University of North Texas has authority to delegate responsibilities set out in paragraph 29 of Plaintiff's Verified Compliant except as restricted by the UNT System Board of Regents or UNT System Chancellor. Defendants deny all remaining allegations in this paragraph.

31.     Defendants deny Defendant Evans-Cowley is the current Provost and Vice President for Academic Affairs at the University of North Texas. Defendants admit Defendant Evans-Cowley served in this position at all times relevant to this lawsuit.

32.     Defendants admit the UNT Provost and Vice President for Academic Affairs is responsible for the University's academic units and programs, which includes the College of Science and Department of Mathematics. Defendants deny Defendant Evans-Cowley currently serves in this position.

33.     Defendants deny.

34.     Defendants deny Defendant Su Gao is the current Dean of the College of Science at the University of North Texas. Defendants admit Defendant Gao served in this position and was responsible for the administration of faculty matters in the College of Science at all times relevant to this lawsuit.

35.     Defendants deny.

36.     Defendants deny.

37.   Defendants deny.

38.   Defendants admit, except they note that Defendant Schmidt's start date may have been in early August 2019.

39.   Defendants admit.

40.   Defendants admit.

41.   Defendants admit.

42.   Defendants admit.

43.   Defendants deny.

44.   Defendants admit Defendant Cherry was responsible for assigning adjunct faculty to teach courses in the Department of Mathematics and for handling other aspects of scheduling courses in the department at all times relevant to this lawsuit. Defendants deny all remaining allegations in this paragraph.

45.   Defendants admit Defendant Cherry's duties as Associate Chair involved offering classes to adjunct instructors and managing their teaching responsibilities, including Plaintiff, in the Fall of 2019. Defendants deny all remaining allegations in this paragraph.

46.   Defendants deny.

47.   Defendants deny.

48.   Defendants admit, except they deny any implication that they engaged in any action that supports the suit.

## Factual Background

## I.   Defendants' Unconstitutional Faculty Restrictions

49. Defendants deny.

**A. Defendants' Unrestricted Authority to Punish Faculty**

50. Defendants admit the Board Defendants have authority as set out in Chapter 105 of the Texas Education Code. Defendants deny all remaining allegations in this paragraph.

51. Defendants admit Defendant Roe had responsibility as set out in UNT System Regents Rule 04.100 and Defendant Smatresk has responsibilities as set out in Regents Rule 04.300. Defendants deny all remaining allegations in this paragraph.

52. Defendants admit Defendant Smatresk has authority to delegate his authority as set out in Regents Rule 04.300.

53. Defendants lack sufficient knowledge of Plaintiff's meaning of "general oversight." Therefore, denied.

54. Defendants deny.

55. Defendants deny.

56. Defendants deny.

57. Defendants deny.

58. Defendants admit that Plaintiff has filed a lawsuit against them. Defendants deny all remaining allegations in this paragraph.

**B. Defendants' Faculty Misconduct and Discipline Policy**

59. Defendants deny UNT employees, including any of the Defendants, have authority to "punish" faculty members. Defendants admit the UNT Faculty Misconduct and Discipline Policy (Misconduct Policy) authorizes employees in

specific positions to make recommendations and decisions regarding disciplinary personnel actions. Defendants deny all remaining allegations in this paragraph.

60. Defendants admit that Plaintiff has asserted claims against UNT's Misconduct Policy. Defendants deny Plaintiff's characterization of this policy. Defendants deny all remaining allegations in this paragraph.

61. Defendants deny that the current UNT Misconduct Policy defines the term "faculty member" as set out in Plaintiff's Verified Complaint. Defendants admit that a prior version of UNT's Misconduct Policy defined "faculty members" as described in this paragraph.

62. Defendants deny that Exhibit 3 to Plaintiff's Verified Complaint is the University of North Texas Academics Appointment and Titles policy. Defendants admit that at UNT, an adjunct instructor is a non-tenured faculty member.

63. Defendants deny the word "promise" is used in the UNT Misconduct Policy. Defendants admit that a prior version of UNT's Misconduct Policy contains the language quoted in this paragraph.

64. Defendants admit.

65. Defendants admit.

66. Defendants deny.

67. Defendants admit the policy authorizes disciplinary action in certain situations for conduct that falls outside a faculty member's employment. Defendants deny all remaining allegations in this paragraph.

68. Defendants deny.

69.     Defendants lack knowledge sufficient to form a belief as to what Plaintiff is referring to in this paragraph. Therefore, denied.

70.     Defendants deny.

71.     Defendants deny.

## II.     Defendants' Enforcement of Their Unconstitutional Policies

### A.     Dr. Hiers' Distinguished Career at the University

72.     Defendants admit that Plaintiff was an adjunct professor in UNT's Mathematics Department. Defendants deny all remaining allegations in this paragraph.

73.     Defendants are without sufficient knowledge or information to admit or deny the information in this paragraph.

74.     All defendants except the Board Defendants[1] admit. The Board Defendants are without sufficient knowledge to admit or deny this averment.

75.     All defendants except the Board Defendants admit. The Board Defendants are without sufficient knowledge to admit or deny this averment.

76.     All defendants except the Board Defendants admit. The Board Defendants are without sufficient knowledge to admit or deny this averment.

77.     All defendants except the Board Defendants admit. The Board Defendants are without sufficient knowledge to admit or deny this averment.

78.     All defendants except the Board Defendants admit. The Board Defendants are without sufficient knowledge to admit or deny this averment.

---

[1] The Board Defendants are Defendants Wright, Lee, Denis, Denny, Feehan, Mago, Munguia, Ryan, Scott Jr.

79.     Defendants admit.

80.     All defendants except the Board Defendants admit. The Board Defendants are without sufficient knowledge to admit or deny this averment.

81.     All defendants except the Board Defendants admit. The Board Defendants are without sufficient knowledge to admit or deny this averment.

82.     All defendants except the Board Defendants admit. The Board Defendants are without sufficient knowledge to admit or deny this averment.

83.     Defendants admit.

84.     Defendant Cherry admits. All other Defendants are without sufficient knowledge to admit or deny this averment.

85.     Defendant Cherry admits. All other Defendants are without sufficient knowledge to admit or deny this averment.

86.     Defendant Cherry denies that this email was an "offer." Defendant Cherry admits the remaining allegations in this paragraph. All other Defendants are without sufficient knowledge to admit or deny this averment.

87.     Defendant Cherry denies that this email was an "offer." Defendant Cherry admits the remaining allegations in this paragraph. All other Defendants are without sufficient knowledge to admit or deny this averment.

88.     Defendants deny.

89.     Defendants Cherry and Schmidt admit that Plaintiff was never formally disciplined but note that he previously received coaching multiple times following some student complaints. Defendants Cherry and Schmidt deny all remaining

allegations in this paragraph. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

**B.     Dr. Hiers' Efforts to Exercise His First Amendment Rights**

       **1.     Dr. Hiers' Critique of an Anonymous Flier while in the Faculty Lounge**

90.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

91.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, except they admit that the attached document is a copy of a flier left in a lounge in UNT's Mathematics Department.

92.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

93.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

94.     Defendants admit the flyer uses the terms and words quoted in this averment. Defendants deny all other allegations in this paragraph.

95.     Defendants admit the flyer uses the terms and words quoted in this averment. Defendants deny all other allegations in this paragraph.

96.     Defendants admit the flyer uses the terms and words quoted in this averment. Defendants deny all other allegations in this paragraph.

97.     Defendants admit the flyer uses the terms and words quoted in this

averment. Defendants deny all other allegations in this paragraph.

98.     Defendants admit the flyer uses the terms and words quoted in this averment. Defendants deny all other allegations in this paragraph.

99.     Defendants admit the flyer uses the terms and words quoted in this averment. Defendants deny all other allegations in this paragraph.

100.    Defendants admit the flyer uses the terms and words quoted in this averment. Defendants deny all other allegations in this paragraph.

101.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

102.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

103.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

104.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

105.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

106.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

107.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

108.    Defendants lack knowledge or information sufficient to form a belief

about the truth of the allegations in this paragraph.

109.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

110.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

111.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

112.    Defendants admit that Plaintiff wrote on the chalkboard "Please don't leave garbage lying around," and that the attached picture is a copy of Plaintiff's comment. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

113.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

114.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

115.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

116.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

117.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

118.    Defendants lack knowledge or information sufficient to form a belief

about the truth of the allegations in this paragraph.

119.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

120.    Defendants Smatresk, Evans-Cowley, Gao, Schmidt, and Cherry admit no classes, events or services were cancelled as a result of Plaintiff's actions. Defendants Smatresk, Evans-Cowley, Gao, Schmidt, and Cherry deny the allegation that Plaintiff's comments were not disruptive. Defendants Smatresk, Evans-Cowley, Gao, Schmidt, and Cherry are without sufficient knowledge to admit or deny whether appointments were disrupted. The remaining Defendants are without sufficient knowledge to admit or deny information in this averment.

121.    Defendants admit Exhibit 10 shows an email was sent on behalf of Jana Watkins on "Tue, 26 Nov 2019 11:50:24-0600." Defendants deny all remaining allegations in this paragraph.

122.    Defendants are unsure what Plaintiff means by the terms "memorialize" and "written agreement" in this paragraph. Therefore, denied.

## 2. Dr. Hiers' Sudden Firing due to His Expression

123.    Defendant Schmidt admits.  All other Defendants are without sufficient knowledge to admit or deny this averment.

124.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

125.    Defendants admit that Plaintiff left the comment to "jokingly teas[e]" whoever left the microaggression fliers. Defendants lack knowledge or information

sufficient to form a belief about the truth of the remaining allegations in this paragraph.

126.    Defendants admit the averment in this paragraph accurately reflects the content of Exhibit 11 to Plaintiff's Verified Complaint.

127.    Defendant Schmidt admits that he met with Plaintiff after he left the chalkboard comments and admits that he and Plaintiff discussed his comment. Defendant Schmidt denies Plaintiff's characterization of their conversation, and all other allegations in this paragraph. The remaining Defendants are without sufficient knowledge to admit or deny the averments.

128.    Defendant Schmidt admits. The remaining Defendants are without sufficient knowledge to admit or deny the averments.

129.    Defendant Schmidt denies. The remaining Defendants are without sufficient knowledge to admit or deny the averments.

130.    Defendant Schmidt denies. The remaining Defendants are without sufficient knowledge to admit or deny the averments.

131.    Defendant Schmidt admits. The remaining Defendants are without sufficient knowledge to admit or deny the averments.

132.    Defendant Schmidt admits he asked Plaintiff to participate in additional equity, diversity, and inclusion training. The remaining Defendants are without sufficient knowledge to admit or deny the averments.

133.    Defendants deny the implication that Plaintiff was non-renewed solely because he did not attend diversity training. Defendants deny all remaining

allegations in this paragraph.

134.    Defendants Schmidt and Cherry deny. The remaining Defendants are without sufficient knowledge to admit or deny the averments.

135.    Defendants lacks knowledge or information sufficient to form a belief as to the truth of this allegations.

136.    Defendant Schmidt denies. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of this allegation.

137.    Defendants admit.

138.    Defendants are without sufficient knowledge to admit or deny this averment.

139.    Defendants admit, although they clarify that Jana Watkins is not Defendant Cherry's "assistant."

140.    Defendants Cherry, Schmidt, and Gao admit Plaintiff was informed on December 2, 2019 that his employment in the Department of Mathematics would not continue in the "spring term" but deny that his employment was terminated. The remaining Defendants are without sufficient knowledge to admit or deny this averment.

141.    Defendants admit the information in this paragraph is in Exhibit 12 to Plaintiff's Verified Complaint.

142.    It is unclear what Plaintiff means by the term "participated" in this context. Therefore, denied.

143.    Plaintiff was never "terminat[ed]." Therefore, denied.

144.     Defendants deny Plaintiff's characterization of Defendant Schmidt's "plan[s]." Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

145.     Defendants admit Exhibit 12 to Plaintiff's Verified Complaint reflects Plaintiff sent Defendant Schmidt an email on December 3, 2019 inquiring the "reason" he was not approved to work in the spring 2019 semester.

146.     Defendants admit Exhibit 12 to Plaintiff's Verified Complaint reflects Defendant Schmidt provided Plaintiff the reason he was not approved to work in the spring 2019 semester.

147.     Defendants deny.

148.     Defendants admit this paragraph accurately reflects the content in Exhibit 12 to Plaintiff's Verified Complaint.

149.     Defendants admit Exhibit 12 to Plaintiff's Verified Complaint lays out Defendant Schmidt's reasons for not approving Plaintiff's employment in the spring 2019 semester. Defendants deny the characterization that Plaintiff was "fir[ed]."

150.     Defendants admit this paragraph accurately reflects the content in Exhibit 12 to Plaintiff's Verified Complaint.

151.     Defendants deny.

152.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

153.     Defendants deny.

154.     Defendants admit this paragraph accurately reflects the content in

Exhibit 12 to Plaintiff's Verified Complaint.

155.    Defendant Schmidt denies. The remaining Defendants are without sufficient knowledge to admit or deny this averment.

156.    Defendants admit, except they deny any implication that the person who left the fliers deserved to be disciplined.

157.    Defendant Schmidt denies that he "disciplined" Plaintiff, and he denies the implication that other professors left comments on the faculty chalkboard akin to Plaintiff's. The remaining Defendants are without sufficient knowledge to admit or deny this averment.

158.    Defendant Schmidt denies the implication that Plaintiff was joking or kidding around during his conversation with Defendant Schmidt about the fliers. Defendant Schmidt admits that he did not understand Plaintiff to be joking. The remaining Defendants lack information or knowledge sufficient to form a belief about the allegations in this paragraph.

159.    Defendant Schmidt admits that the quoted language appears in the referenced exhibit. Defendant Schmidt denies the remaining allegations in this paragraph. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

160.    Defendants deny.

161.    Defendants deny.

162.    Defendant Schmidt admits that the quoted language appears in the referenced exhibit. Defendant Schmidt denies all remaining allegations in this

paragraph. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

163. Defendants Schmidt and Cherry deny. The remaining Defendants are without sufficient knowledge to admit or deny the averments.

164. Defendant Schmidt denies "firing" Plaintiff but admits the remainder of this averment accurately reflects the content in Exhibit 12 to Plaintiff's Verified Complaint. The remaining Defendants admit that the language quoted in this paragraph accurately reflects the content in Exhibit 12 to Plaintiff's Verified Complaint.

165. Defendant Schmidt admits that in referencing "actions," he was referring in part to Plaintiff's anonymous comments on the chalkboard, but he denies the implication that Plaintiff was not reappointed solely because he wrote this anonymous comment on a faulty chalkboard. The remaining Defendants are without sufficient knowledge to admit or deny this averment.

166. Defendant Schmidt denies. The remaining Defendants are without sufficient knowledge to admit or deny this averment.

167. Defendant Schmidt denies. The remaining Defendants are without sufficient knowledge to admit or deny this averment.

168. Defendants deny.

169. Defendants admit, except they deny any implication that the Misconduct Policy applied in this context.

170. Defendants admit that the quoted language appears in UNT's former

Misconduct Policy. Defendants deny the implication that the Misconduct Policy applied to Plaintiff in this instance. Defendants deny the remaining allegations in this paragraph.

171. Defendants admit that the quoted language appears in UNT's former Misconduct Policy. Defendants deny the implication that the Misconduct Policy applied to Plaintiff in this instance. Defendants deny the remaining allegations in this paragraph.

172. Defendants admit that the quoted language appears in UNT's former Misconduct Policy. Defendants deny the implication that the Misconduct Policy applied to Plaintiff in this instance. Defendants deny the remaining allegations in this paragraph.

173. Defendants admit that the quoted language appears in UNT's former Misconduct Policy. Defendants deny the implication that the Misconduct Policy applied to Plaintiff in this instance. Defendants deny the remaining allegations in this paragraph.

174. This allegation relates to a cause of action that was dismissed. Therefore, denied.

175. This allegation relates to a cause of action that was dismissed. Therefore, denied.

176. This allegation relates to a cause of action that was dismissed. Therefore, denied.

177. Defendants admit that the quoted language appears in UNT's former

Misconduct Policy. Defendants deny the implication that the Misconduct Policy applied to Plaintiff in this instance. Defendants deny the remaining allegations in this paragraph.

178. Defendants admit that the quoted language appears in UNT's former Misconduct Policy. Defendants deny the implication that the Misconduct Policy applied to Plaintiff in this instance. Defendants deny the remaining allegations in this paragraph.

179. Defendants admit that Defendant Schmidt has not been disciplined over this incident. Defendants deny the remaining allegations in this paragraph.

180. Defendants admit that Plaintiff's chalkboard anonymous comment and subsequent actions led to his non-reappointment. Defendants deny all remaining allegations in this paragraph.

181. Defendants deny.

182. Defendants deny.

183. Defendants Smatresk, Evans-Cowley, Gao, Schmidt, and Cherry admit no classes, events or services were cancelled as a result of Plaintiff's actions. Defendants Smatresk, Evans-Cowley, Gao, Schmidt, and Cherry deny the allegation that Plaintiff's comments were not disruptive. Defendants Smatresk, Evans-Cowley, Gao, Schmidt, and Cherry are without sufficient knowledge to admit or deny whether appointments were disrupted. The remaining Defendants are without sufficient knowledge to admit or deny information in this averment.

184. Defendants deny.

### III. Effect of Defendants' Unconstitutional Actions on Dr. Hiers

185. Defendants deny.

186. Defendants deny.

187. Defendants deny that Plaintiff was fired. Defendants lack information or knowledge sufficient to form a belief about the truth of the remaining allegations in this paragraph.

188. Defendants deny that Plaintiff was fired. Defendants lack information or knowledge sufficient to form a belief about the truth of the remaining allegations in this paragraph.

189. Defendants lack information or knowledge sufficient to form a belief about what Plaintiff can and cannot afford. Defendants deny the remaining allegations in this paragraph.

190. Defendants lack information or knowledge sufficient to form a belief about the truth of the allegations in this paragraph.

191. Defendants deny.

192. Defendants lack information or knowledge sufficient to form a belief about the truth of the allegations in this paragraph.

193. Defendants lack information or knowledge sufficient to form a belief about the truth of the allegations in this paragraph.

194. Defendants deny that they retaliated against Plaintiff. Defendants lack information or knowledge sufficient to form a belief about the truth of the remaining allegations in this paragraph.

195.    Defendants deny.

196.    Defendant Cherry denies that Plaintiff was placed on the schedule to teach three classes for $10,800. Defendant Cherry lacks information or knowledge sufficient to form a belief about the truth of the remaining allegations in this paragraph. The remaining Defendants lack information or knowledge sufficient to form a belief about the truth of all allegations in this paragraph.

## Allegations of Law

197.    Defendants deny.

198.    Defendants deny.

199.    Defendants deny.

200.    Defendants deny.

201.    Defendants deny.

202.    Defendants deny.

203.    Defendants deny.

204.    Defendants deny.

205.    Defendants deny.

## First Cause of Action
## Violation of Plaintiff's First Amendment Right to Freedom of Speech
## Retaliation
## (42 U.S.C. § 1983)

206.    Defendants incorporate their answers to each of the allegations in paragraphs 1-205.

207.    Defendants deny.

208.    Defendants deny.

209.   Defendants deny.

210.   Defendants deny.

211.   Defendants deny.

212.   Defendants deny.

213.   Defendants deny.

214.   Defendants deny.

215.   Defendants deny.

216.   Defendants deny.

217.   Defendants deny.

218.   Defendants deny.

219.   Defendants deny.

## Second Cause of Action
**Violation of Plaintiff's First Amendment Right to Freedom of Speech
Content & Viewpoint Discrimination
(42 U.S.C. § 1983)**

220.   Defendants incorporate their answers to each of the allegations in
paragraphs 1-205.

221.   Defendants deny.

222.   Defendants deny.

223.   Defendants deny.

224.   Defendants deny.

225.   Defendants deny.

226.   Defendants deny.

227.   Defendants deny.

228.   Defendants deny.

229.   Defendants deny.

## Third Cause of Action
## Violation of Plaintiff's First Amendment Right to Freedom of Speech
## Compelled Speech
## (42 U.S.C. § 1983)

230.   Defendants incorporate their answers to each of the allegations in paragraphs 1-205.

231.   Defendants deny.

232.   Defendants deny.

233.   Defendants deny.

234.   Defendant Schmidt admits communicating with Defendants Cherry and Gao regarding Plaintiff's employment. Defendant Schmidt denies communicating with any other Defendant regarding Plaintiff. The remaining Defendants—those other than Defendants Schmidt, Cherry, and Gao—deny the allegations in this paragraph.

235.   Defendants deny.

236.   Defendants deny.

237.   Defendants deny.

## Fourth Cause of Action
## Violation of Plaintiff's First Amendment Right to Freedom of Speech
## Overbreadth
## (42 U.S.C. § 1983)

238.   Defendants incorporate their answers to each of the allegations in paragraphs 1-205.

239.    Defendants deny.

240.    Defendants deny.

241.    Defendants deny.

242.    Defendants deny.

243.    Defendants deny.

244.    Defendants deny.

**Fifth Cause of Action**
**Violation of Plaintiff's Right to be Free from Unconstitutional Conditions**
**(42 U.S.C. § 1983)**

245.    Defendants incorporate their answers to each of the allegations in paragraphs 1-205.

246.    Defendants deny.

247.    Defendants deny.

248.    Defendants deny.

249.    Defendants deny.

250.    Defendants deny.

**Sixth Cause of Action**
**Violations of Plaintiff's Fourteenth Amendment Right to**
**Due Process of Law**
**(42 U.S.C. § 1983)**

251.    Defendants incorporate its answers to each of the allegations in paragraphs 1-205.

252.    This allegation relates to a cause of action that was dismissed. Therefore, denied.

253.    This allegation relates to a cause of action that was dismissed.

Therefore, denied.

254. This allegation relates to a cause of action that was dismissed. Therefore, denied.

255. This allegation relates to a cause of action that was dismissed. Therefore, denied.

256. This allegation relates to a cause of action that was dismissed. Therefore, denied.

257. This allegation relates to a cause of action that was dismissed. Therefore, denied.

258. This allegation relates to a cause of action that was dismissed. Therefore, denied.

<u>**Seventh Cause of Action**</u>
**Violation of Plaintiff's Fourteenth Amendment Right to**
**Procedural Due Process of Law**
**(42 U.S.C. § 1983)**

259. Defendants incorporate its answers to each of the allegations in paragraphs 1-205.

260. This allegation relates to a cause of action that was dismissed. Therefore, denied.

261. This allegation relates to a cause of action that was dismissed. Therefore, denied.

262. This allegation relates to a cause of action that was dismissed. Therefore, denied.

263. This allegation relates to a cause of action that was dismissed.

Therefore, denied.

**Eighth Cause of Action**
**Violation of Plaintiff's Fourteenth Amendment Right to**
**Equal Protection of the Law**
**(42 U.S.C. § 1983)**

264.    Defendants incorporate its answers to each of the allegations in paragraphs 1-205.

265.    This allegation relates to a cause of action that was dismissed. Therefore, denied.

266.    This allegation relates to a cause of action that was dismissed. Therefore, denied.

267.    This allegation relates to a cause of action that was dismissed. Therefore, denied.

268.    This allegation relates to a cause of action that was dismissed. Therefore, denied.

269.    This allegation relates to a cause of action that was dismissed. Therefore, denied.

270.    This allegation relates to a cause of action that was dismissed. Therefore, denied.

271.    This allegation relates to a cause of action that was dismissed. Therefore, denied.

272.    This allegation relates to a cause of action that was dismissed. Therefore, denied.

## Ninth Cause of Action
### Breach of Contract

273. Defendants incorporate its answers to each of the allegations in paragraphs 1-205.

274. This allegation relates to a cause of action that was dismissed. Therefore, denied.

275. This allegation relates to a cause of action that was dismissed. Therefore, denied.

276. This allegation relates to a cause of action that was dismissed. Therefore, denied.

277. This allegation relates to a cause of action that was dismissed. Therefore, denied.

278. This allegation relates to a cause of action that was dismissed. Therefore, denied.

279. This allegation relates to a cause of action that was dismissed. Therefore, denied.

280. This allegation relates to a cause of action that was dismissed. Therefore, denied.

281. This allegation relates to a cause of action that was dismissed. Therefore, denied.

282. This allegation relates to a cause of action that was dismissed. Therefore, denied.

283. This allegation relates to a cause of action that was dismissed.

Therefore, denied.

## Prayer for Relief

Defendants admit that Plaintiff purports to proceed as set forth in this paragraph but deny that Plaintiff is entitled to any such relief.

## AFFIRMATIVE DEFENSES

Defendants assert the following defenses herein:

- Defendants had legitimate non-retaliatory reasons for all employment actions affecting Hiers that he contends were unlawful.
- Plaintiff's claims fail as he did not speak on a matter of public concern.
- Plaintiff's claims fail as Defendants' interests in an efficient and effective workplace, and in otherwise managing their workplace outweigh Plaintiff's right to free speech in this context.
- Defendants assert the defenses of Eleventh Amendment immunity and sovereign immunity to all claims in which those defenses apply.
- Defendants assert the defense of qualified immunity to all claims in which this defense applies.
- Defendants' actions relevant to the causes of action asserted in Plaintiff's Complaint were done in good faith and without malice, willfulness, or intent.
- Any challenged action, practice, or policy taken against Plaintiff was reasonably necessary to business or governmental operations.
- Plaintiff's claims are barred to the extent he relies upon any acts, events, allegations, or claims that fall outside the applicable statute of limitations period.
- Plaintiff failed to mitigate his damages, if any.
- Plaintiff's damages, if any, are limited to the extent any statutory caps apply.

Defendants reserve the right to amend or supplement these affirmative defenses as this case proceeds.

Date: April 22, 2022.                           Respectfully submitted.

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN COWLES
Deputy Attorney General for Civil Litigation

CHRISTOPHER D. HILTON
Chief, General Litigation Division

*/s/ Todd A. Dickerson*
TODD A. DICKERSON
Assistant Attorney General
Texas Bar No. 24118368
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 | FAX: (512) 320-0667
Todd.Dickerson@oag.texas.gov
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that, on April 22, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to all registered CM/ECF users.

*/s/ Todd A. Dickerson*
TODD A. DICKERSON
Assistant Attorney General